Trinder v. Conn. Attorneys Title Ins. Co., No. 681-9-08 Rdcv (Cohen, J., Sept. 1, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Rutland Unit** | **Docket No. 681-9-08 Rdcv** |


**KENNETH G. TRINDER and**
**LARISSA F. TRINDER,**
        **Plaintiffs**


      **v.**


**CONNECTICUT ATTORNEYS**
**TITLE INSURANCE COMPANY,**
        **Defendant**


### ORDER RE: DEFENDANT'S MOTION FOR COSTS

This is a title-insurance-coverage dispute concerning Kenneth and Larissa Trinder's septic tank and leach field placement. A bench trial was held on December 21, 2009, and the Court issued Findings of Fact, Conclusion of Law, and an Order on June 7, 2010.

The Trinders sought to have the defendant, Connecticut Attorney Title Insurance Company, defend or indemnify them for the costs of an action against the Mount Holly Community Historical Museum, the Trinder's neighbor. The Court found that the defendant had no duty to defend or indemnify the Trinders under the terms of the insurance contract because the Trinders were never forced to remove their septic tank (they actually replaced it in the same location) and their title never became unmarketable. Furthermore, the Mount Holly Community Historical Museum never made any claim or counterclaim against the Trinders regarding the location of the septic tank.

The defendant now seeks to recover the following costs:

(1)      Mediation – mediator's bill (1/3 of total charges)      $706.80

| (2) | Deposition stenographer appearance fee and transcript fee – depositions of Kenneth and Larissa Trinder (12/7/09 depositions – O'Brien Reporting Services, Inc.) | $554.55 |
| (3) | Deposition stenographer appearance fee and transcript fee – deposition of Cynthia Amler (12/10/09 deposition – Court Reporters Associates) | $311.55 |

The taxing of costs in the taking of depositions shall be subject to the discretion of the court and no costs shall be allowed unless the court finds that the taking of the deposition was reasonably necessary. V.R.C.P. 54(g). Here, the depositions were reasonably necessary and the defendant shall recover costs for them.

Under V.R.C.P. 16.3(e)(1)(C), if alternative dispute resolution does not result in settlement or other final disposition of the action, payments made to a neutral may be taxed as costs to the prevailing party in the discretion of the court. The Court finds that the mediation cost was a shared cost among the parties and the defendant may not recover it.

## ORDER

(1) The defendant Connecticut Attorney Title Insurance Company's Motion for Costs, filed July 12, 2010, is GRANTED in part.

(2) The defendant shall recover the costs of the depositions, totaling $866.10.

Dated at Rutland, Vermont this _____ day of _____, 2010.

_____
Hon. William Cohen
Superior Court Judge